UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.                                         Case No. 17-cr-20406
                                           District Judge Paul D. Borman

ALPHONS IACOBELLI,

        Defendant.
_____/

**ORDER GRANTING GOVERNMENT'S MOTION FOR REDUCTION IN SENTENCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(b)**

**BACKGROUND**

On December 23, 2020, the Government filed a Motion for Reduction in Sentence pursuant to Federal Rule of Criminal Procedure 35(b). (ECF No. 232.) On February 23, 2020 Defendant filed a Response. (ECF No. 233.)

At the sentencing, the Government filed a Sentencing Guideline 5K1.1 motion for a downward departure requesting a 76-month sentence, based on his cooperation against other individuals. The Government stated that his cooperation was not yet complete.

On August 27, 2018, the Court sentenced Defendant Iacobelli to 66 months of imprisonment. Defendant had faced an advisory Sentencing Guideline Range of 96 months.

1

The Government filed the instant Motion on December 23, 2020, pursuant to Federal Rule of Criminal Procedure 35(b)(2)(B) stating that his cooperation, provided to the Government within one year of his sentencing, contributed to its criminal and civil investigation of the United Auto Workers Union, and auto companies' Joint Training Centers. The Government requested a 20 percent reduction from Defendant's 66-month sentence down to 52 months incarceration.

Defendant's Response requested a reduced sentence of not more than 36 months, a recommendation to the Bureau of Prisons (BOP) that Defendant "be considered for home confinement at the earliest possible date and that he serve any quarantine period at home." (ECF No. 233, PageID 2697.) Defendant's counsel asserts that because of Iacobelli's cooperation, a member of Defendant's family suffered a financial injury in his employment likely linked to his cooperation. (*Id.* at PageID 2694.) Defendants counsel further stated that his family residence is subjected to "drive-bys," that they find intimidating. (*Id.*, PageID 2695.) Defendant further asserts that because of the COVID-19 pandemic, he has not been able to have family visits, and has significantly limited "yard time" during his incarceration.

## DISCUSSION

Defendant Iacobelli was a central figure in this long-running conspiracy, which involved significant corruption and, for him, massive personal greed.

Subsequent to his sentencing, Defendant provided significant cooperation to the Government's investigation of this conspiracy resulting in two Government requests to the Court for reduction of his sentence.

The Government requests a reduction to 52 months. Defendant requests a reduction to not more than 36 months.

## CONCLUSION

The Court GRANTS the Government's Rule 35(b) Motion, and after considering Defendant's Response as well setting forth his good conduct in prison and the significant negative impact of the COVID-19 pandemic in prison, will reduce the sentence to 48 months (four years) incarceration.

The Court finds that to reduce the sentence below 48 months would undermine the seriousness of the offenses, and the need to promote just punishment and respect for the law. At the same time, the Court recognizes his significant post-sentence cooperation. The Court recommends that at the tail-end of his sentence, he be considered for home confinement at the earliest possible date, rather than halfway-house confinement.

SO ORDERED.

DATED: January 4, 2021         s/Paul D. Borman
                               PAUL D. BORMAN
                               UNITED STATES DISTRICT JUDGE